In the Matter of the Accounting of IRVING TRUST COMPANY, as Trustee under the Will of MICHAEL J. DEGNON, Deceased, Respondent. ALFRED E. HERZ, as Assignee and Attorney for MARY M. DEGNON, Appellant; GERTRUDE G. DEGNON, as Committee of the Person and Property of MARY M. DEGNON, an Incompetent Person, et al., Respondents.— In a proceeding to settle the account of a testamentary trustee, the decree, *inter alia,* makes an allowance for legal services rendered by the appellant as attorney for the *cestui que trust.* Decree of the Surrogate's Court, Queens County, insofar as appeal is taken, unanimously affirmed, without costs. No opinion. Present — Johnston, Acting P. J., Adel, Sneed, Wenzel and MacCrate, JJ.

ALICE KEIZOR et al., Respondents, v. CITY OF NEW YORK, Appellant.— In actions to recover damages for wrongful death, conscious pain and suffering, and personal injuries, sustained as a result of a fire at the ferry terminal in St. George, Staten Island, defendant appeals from a judgment, as resettled, in favor of plaintiffs. Resettled judgment affirmed, with one bill of costs. No opinion. Nolan, P. J., Johnston, Sneed and Wenzel, JJ., concur; Carswell, J., dissents and votes to reverse the judgment and to dismiss the complaint, with the following memorandum: Each plaintiff had the burden to establish a status which gave rise to a duty or obligation owing to her individually or to his decedent by the defendant in its proprietary capacity as ferry operator, and that there was an actionable breach thereof. If a status of passenger (actual or potential) and carrier had been established, then on the proof herein a jury question might exist as to whether there had been a breach of a duty growing out of the contract of carriage. The woman decedent (White) and the woman plaintiff (Keizor) however were employees of the Staten Is. R. T. Ry. Co., on duty for their employer near or in the building which was burned, and were entitled to the benefit of the Workmen's Compensation Law or a kindred statute. Their employer would seem to have been, at best, a tenant of the defendant. The proof does not establish a breach of duty owing by the defendant city to a tenant or an employee of a tenant, consequent on a fire spreading to defendant's building. There is no proof that it was started in defendant's building because of defendant's negligence. A similar situation exists in respect of the decedent Cronin. The record discloses that he was a manual employee of the marine and aviation department of the city. If he was on duty, the Workmen's Compensation Law inured to his benefit. If he was not and was idling in the structure on his own time, a different measure of duty was owing to him by defendant — that of a mere licensee. In either status (there being no proof that he was a passenger), there was no proof of a breach of duty owing to him by defendant since it is not claimed that any statute was violated and there is no proof of any active negligence or of the breach of any common-law duty.